The motion must therefore be denied, but without costs.

---

## WILLETT *a.* SCOVIL.

*Supreme Court, First District; Special Term, April, 1857.*

MEASURE OF DAMAGES BY INJUNCTION.—JUDGMENT AGAINST SURETIES.

S. holding a chattel mortgage upon property of W., and having taken possession and advertised a sale, W. obtained a temporary injunction in a suit commenced by him to restrain the sale, and declare the mortgage void, and pending the injunction the property was sold under execution, and bought by third parties. Upon the coming in of the answer, the injunction being dissolved and a reference taken to ascertain the amount of damage sustained by the defendants by reason of it;

*Held,* 1. That taxable costs up to the time of the dissolution, counsel fees for drawing answer and for moving for dissolution, and the expenses incurred in foreclosing and preparing to sell, including auctioneer's fees and advertising, were properly allowed, and counsel fees for attendance at the reference were added, as items of the damages.

2. That no more could be allowed for constable's fees in foreclosing than would be allowable to a sheriff upon execution on a sale for the same amount.

3. Upon the confirmation of the report, judgment was ordered directly against the sureties in the undertaking.

Motion to confirm referee's report.

The defendants in this action had taken possession of certain printing-presses, and advertised them for sale under a chattel mortgage made to them by one of the plaintiffs. This suit was brought to enjoin the sale and avoid the mortgage, on the allegation that the mortgage was made without consideration, and was void.

A temporary injunction was granted, and was served upon the defendants at the place of the sale a few minutes before the time when the sale was to have taken place. Subsequently, and while the injunction was pending, the property was levied on by the sheriff, under executions, and sold to third parties, who took possession.

Upon the answer, the injunction was dissolved, and on notice to the plaintiffs, and to the sureties in the undertaking on which the injunction was granted, the usual reference to ascertain the damages sustained by the defendants by reason of it, was ordered.

The referee found that the defendants had sustained the following damages, viz. :—

The costs before notice of trial, . . . . . $ 5.00
Motion fee on dissolving injunction, . . . . 10.00
Counsel fee for drawing answer, and counsel fee preparing brief, and attending to argue motion for dissolution of injunction, . . . . . . . 75.00
Cash paid by defendants for services of constable in taking possession of the property, and attending to sell the property, $50 ; keeping a man in charge of the property before injunction, $27 ; ditto, after injunction, $24 ; auctioneer's charges for advertising, and distributing handbills of sale, $13.50, and $2.50 ; auctioneer attending to sell, $10, . . . . . . 127.00

*Abbott Brothers*, for the motion.

*George W. Stevens*, opposed.

MITCHELL, J.—The plaintiffs, while the defendants were in possession of printing-presses, under a chattel mortgage, and were advertising the articles for sale, obtained an injunction to prevent the sale ; the injunction was afterwards dissolved, and a reference was ordered, to decide what damages they should pay. The referee allows $27 as fees of the man in charge of the property for nine days before the injunction was granted, and $24 for eight days like attention afterwards ; the officer's fees, attending the *intended* sale, $50 ; and the auctioneer's fees at the same time, $10. Other items, also, were allowed. These, except the $24, are objected to. The $27 is allowable, as it would have been paid out of the proceeds of the intended sale, if it had taken place, and was lost, in effect, by the adjournment ; for the same reason, the auctioneer's fees, $10, for attending and preparing for the sale, which does not appear to be an unreasonable sum, is allowable. But the officer's charge must be governed by the same rule as would govern a sheriff in

selling on execution, except as between him and parties who make a different express contract with him. The $50 far exceeds this, as the property, when afterwards sold at auction, brought only about $1,000. That charge must be reduced accordingly. The plaintiff's objection, also, to $13.50 for advertising—that seems to stand on the same ground as the $27 above allowed.

The report will be confirmed, except as to the $50.*

---

\* The proper form of the order of confirmation, in a case like the present, seems to be involved in doubt. It would seem to be intimated in Higgins *v.* Allen (6 *How. Pr. R.,* 30), and Griffing *v.* Slate (5 *How. Pr. R.,* 205), that the defendants' proper course is to prosecute the undertaking. The following, however, is the form of the order which was entered on settlement in this case :—

AT A SPECIAL TERM, &c., &c.

TITLE OF THE CAUSE.

On reading and filing the annexed order to show cause, and affidavit and certificate, and the referee's report, and the *evidence* on which the same was founded, and on motion of Abbott Brothers, attorneys for the defendants, and after hearing Lyman Abbott, of counsel for defendants, in support of said motion, and George W. Stevens, of counsel for plaintiffs, and for John Clapp, Jr., and James T. Derrickson, in opposition :—

Ordered, that the said report of the referee herein be, and the same hereby is, in all respects, confirmed, except as to the item of $50, paid by the defendants to the constable, for his services in taking possession of the property and attending to sell the same, and as to that item, that it be reduced to $16.62, and that on the defendants consenting to such reduction the report be thereon confirmed.

And it is further ordered and adjudged that the said John Clapp, Jr., and James T. Derrickson pay to the defendants the sum of one hundred and seventy-three dollars, sixty-two cents, being the amount as reported by the said referee, less the said reduction ; and other costs and disbursements of the said reference to be taxed by the clerk of this court, including fifteen dollars as a trial fee to the defendants' attorneys ; and that the defendants have judgments against the said John Clapp, Jr., and James T. Derrickson, accordingly.

(Copy.) RICHARD B. CONNOLLY, *Clerk.*